1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR HUGO TALAVERA-
HERNANDEZ,

                    Petitioner,

     v.

JEFFREY UTTECHT,

CASE NO. 2:21-cv-00012-RSM-BAT

**REPORT AND
RECOMMENDATION**

Before the Court is s *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus

challenging petitioner's 2016 convictions in Snohomish County Superior Court Case for one

count of First-Degree Child Rape and four counts of First-Degree Child Molestation. Dkt. 5; a

Motion for Vicarious Exhaustion, Dkt. 7; and a Motion to Compel. Dkt. 6. The matter has been

referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254

petitions, the Court must promptly examine a habeas petition once it is properly filed and if it

plainly appears from the petition and its attachments the petitioner is not entitled to relief, the

Court must dismiss the petition.

The Court has examined the petition which was submitted for filing on January 5, 2021.

Dkt. 1. The habeas petition plainly states petitioner filed a direct appeal in the Washington State

Court of Appeals but did not raise the grounds for relief that are asserted in the present habeas

REPORT AND RECOMMENDATION - 1

petition. The habeas petition also plainly states petitioner did seek review of this decision in the Washington State Supreme Court and did not seek collateral review in the state courts. On its face, the present petition establishes petitioner failed to present his federal habeas claims to the highest state court for review and that his state judgment became final outside the one-year limitations period applicable to federal habeas corpus petitions. Additionally, none of the grounds for relief asserted in the habeas petition support relief.  Because the petition is unexhausted, time barred and fails to establish grounds for relief it should be dismissed with prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro se*, no amendment would cure the fatal defects mentioned above. The Court should also strike petitioner's motion for vicarious exhaustion which argues the Court should find his claims are exhausted, Dkt. 7, and his Motion to Compel which requests the Court grant petitioner the relief requested in his habeas petition. Dkt. 6. Both motions are unfounded and provide no basis to excuse petitioner's failure to exhaust his claims or for the Court to grant the relief requested in the habeas petition. If the Court adopts this recommendation, a Certificate of Appealability should not be issued.

## DISCUSSION

**A.    Claims Raised in the Habeas Petition**

Petitioner's habeas petition alleges that following his conviction, he filed a direct appeal in the Washington State Court of Appeals raising the following grounds for relief: 1) petitioner was denied effective assistance of counsel; 2) the state presented mutually cross-corroborating witnesses and no forensic evidence; 3) There was no medical confirmation – verbal words only; 4) petitioner was denied the right to a unanimous verdict; and 5) cumulative error. Dkt. 5 at 2. The present federal habeas petition does not seek review of these claimed errors. Rather, the

present habeas petition asserts as grounds for relief, claims A1 through A24, which are listed in an attached 23-page exhibit. *Id.* In this exhibit, Petitioner alleges:

A1. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A2. Petitioner is held illegally in violation of the United States Constitution.

A3. Petitioner's conviction is illegal because he was not charged by grand jury indictment.

A4. A federal court is the only court with jurisdiction to adjudicate the violation of petitioner's rights under the United States Constitution.

A5. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A6 There are no remedies when Washington State violates federal law.

A7. Petitioner is held illegally in violation of the United States Constitution.

A8. Washington State has acted in violation of the United States Constitution.

A9. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

A10. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A11. There are no remedies when Washington State violates federal law.

A12. Petitioner is held illegally in violation of the United States Constitution.

A13. Petitioner's conviction and confinement violates the 13th Amendment's prohibition of slavery and involuntary servitude.

REPORT AND RECOMMENDATION - 3

A14. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

A15. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A16. There are no remedies when Washington State violates federal law.

A17. Petitioner is held illegally in violation of the United States Constitution.

A18. Petitioner's conviction is illegal because he was not charged by grand jury indictment.

A19. A federal court is the only court with jurisdiction to adjudicate the violation of petitioner's rights under the United States Constitution.

A20. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A21. There are no remedies when Washington State violates federal law.

A22. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

A23. Washington State has no jurisdictional authority to decide United States Constitutional matters and thus none of the grounds for relief in this petition have been raised at the state level.

A24. Washington State denied petitioner a preliminary hearing because he was not charged by grand jury indictment.

A25. Regarding the timeliness of the habeas petition, the petition is an "original action" and not an "appeal or mechanism requesting review of petitioner's judgment of conviction."

A26. The Court should intervene and uphold petitioner's Constitutional rights.

REPORT AND RECOMMENDATION - 4

**B.      Petitioner's Claims Are Unexhausted**

A habeas petitioner may pursue federal habeas relief only after he or she has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner was required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively avers he did not. *See* Dkt 5, Exhibit - ground for relief A23 ("No grounds herein have been raised at the state level as the state has no jurisdictional authority over United States Constitutional matters."). Each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts contending the state courts lack the "jurisdictional authority to decide on United States Constitution matters." This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

violated, and in a habeas action, federal courts are limited to reviewing the state courts'
determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v.
Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas
petition should be dismissed if the prisoner has not exhausted state remedies as to any of his
federal claims."). As petitioner avers, he has not presented his grounds for relief to the state
courts, his federal petition is unexhausted and should be dismissed with prejudice.

The Court notes petitioner claims his habeas petition is "vicariously exhausted" because
another petitioner presented similar claims to the state courts, and ostensibly exhausted his
claims before presenting them to a federal court. That another petitioner exhausted his claims is
irrelevant to whether petitioner exhausted his federal habeas claims. Petitioner's habeas petition
specifically states the claims have never been presented to the state courts on appeal or
otherwise. The motion for vicarious exhaustion is thus unfounded and should be stricken or
denied.

**C.    Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, none of
the claims have any merit and the petition should therefore be dismissed.

   *1.    Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not
charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The
contention lacks merit because it has long been settled that there is no denial of Federal
Constitutional rights involved in the substitution of the prosecuting attorney's criminal
information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S.

REPORT AND RECOMMENDATION - 6

516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

### 2.      Thirteenth Amendment and Slavery

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. It is unclear what facts support this contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. at § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

The Court also notes that after the habeas petition was accepted for filing, petitioner filed a motion to compel. Dkt. 10. The motion repeats petitioner's claims that Washington State has violated his rights and this Court should grant his request for relief. The motion provides no basis for relief and for the reasons above and should be stricken or denied.

**D.      The Petition is Untimely - Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

REPORT AND RECOMMENDATION - 7

1    Federal habeas corpus petitions filed by persons imprisoned under a state court judgment

2   are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. §

3   2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment

4   became final by the conclusion of direct review or the expiration of the time for seeking such

5   review . . . ." If a petitioner appeals his judgment to a state intermediate appellate court and the

6   intermediate appellate court affirms the judgment and sentence on direct appeal, and the

7   petitioner does not timely seek review by the state supreme court, the direct review process

8   concludes upon expiration of time for seeking review by the state supreme court and the

9   judgment becomes final on that date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

10   In some cases, "direct review" includes the period within which a petitioner can file a petition for

11   a writ of certiorari from the United States Supreme Court. *Id.*

12    In this case, Petitioner did not seek further state review following the State Court of

13   Appeal's March 6, 2019 decision and did not file a writ of certiorari in the Supreme Court. Dkt 5

14   at 2-3.  Petitioner's judgment became final for purposes of the federal habeas statute of

15   limitations no later than June 4, 2019  This is because the Court of Appeals issued a decision

16   affirming the conviction, petitioner did not seek review of the decision in the Washington State

17   Supreme Court, and the 90th day by which he could have filed a petition for writ of certiorari in

18   the Supreme Court expired June 4, 2019.

19    The federal habeas statute of limitations accordingly started to run on June 4, 2019 and

20   expired a year later on June 4, 2020. The petition herein was submitted for filing on January 5,

21   2021 is thus time-barred and should be dismissed.

22

23

REPORT AND RECOMMENDATION - 8

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted a petition relief raising claims he did not present to the state courts, lack merit, and are time-barred petition. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 8, 2021.**  The Clerk should note the matter for **February 12, 2021**, as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 25th day of January, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

REPORT AND RECOMMENDATION - 10